HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM C. JABACK, in his capacity as the personal representative of the ESTATE OF SHARON N. SILVA,

　　　　Plaintiff,

　　v.

THE AMERICAN BALER COMPANY,

　　　　Defendant.

CASE NO. C13-1119RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion from Plaintiff William Jaback to remand this action to King County Superior Court.  For the reasons stated herein, the court GRANTS the motion (Dkt. # 8) and directs the clerk to REMAND this action to King County Superior Court.

## II.  BACKGROUND & ANALYSIS

Mr. Jaback is the personal representative of the Estate of Sharon Silva.  Ms. Silva died in a workplace accident that happened as she was cleaning a baler that Defendant, The American Baler Company ("ABC"), manufactured.  In April 2013, Mr. Jaback filed a complaint in King County Superior Court invoking the Washington Product Liability Act, RCW Ch. 7.72, against ABC.

ORDER – 1

1   No one disputes that Mr. Jaback served the complaint on ABC on April 29.  The
2   complaint described Ms. Silva's death, explained that she left behind a minor son and an
3   economically-dependent mother, and prayed for damages for pain and suffering,
4   emotional distress, loss of consortium, medical bills, and past and future wage loss.  The
5   complaint did not, however attempt to quantify the damages.  Nor could it have.
6   Washington prohibits a complaint in a personal injury action from including a "statement
7   of the damages sought," limiting a plaintiff to a "prayer for damages as shall be
8   determined."  RCW 4.28.360.

9   The same statute, however, permits a defendant to "request a statement from the
10  plaintiff setting forth separately the amounts of any special damages and general damages
11  sought."  RCW 4.28.360.  ABC requested a statement of damages.  Mr. Jaback provided
12  it on May 28, when his counsel emailed a statement of damages to counsel for ABC.  The
13  email explained that counsel would also send a copy via United States mail.

14  The statement asserted economic damages of about $20,000 and non-economic
15  damages of $4,000,000.

16  On June 28, 31 days after Mr. Jaback's counsel sent the email, ABC filed a notice
17  of removal of the case to this District.  Everyone concedes that the court has diversity
18  jurisdiction over this dispute.  The Estate has a Washington domicile, ABC does not, and
19  the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

20  The sole dispute is whether ABC timely filed its notice of removal.  To answer
21  that question, the court begins at 28 U.S.C. § 1446(b)(1), which requires a defendant to
22  file a notice of removal "within 30 days after the receipt by the defendant, through
23  service or otherwise," of the initial pleading that informs the defendant that the action is
24  removable.  28 U.S.C. § 1446(b)(3) clarifies that if an initial pleading does not inform the
25  defendant that a case is removable, the 30-day period commences on "receipt . . . through
26  service or otherwise" of an amended pleading or "other paper" that contains that
27  information.  28 U.S.C. § 1446(c)(3)(A) clarifies that when an initial pleading "is not
28  ORDER – 2

removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

Assuming for the sake of argument that the statement of damages was the first pleading or "other paper" that informed ABC that the amount in controversy exceeded $75,000,[1] there is no dispute that ABC received it on May 28 when it received counsel's email. It removed the case on June 28, 31 days later. Although the 30-day time limit of § 1446(b) is not jurisdictional, a court has no authority to extend it. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (noting that the removal time limit is "mandatory," but "not jurisdictional"); *Kuxhausen v. BWM Fin. Servs. NA*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (citing *Fristoe*).

ABC insists that although it received the statement of damages on May 28, it was not "served" within the meaning of Washington law until several days later. The court accepts ABC's view of Washington law for purposes of this motion. What the court cannot accept is ABC's insistence that the date of "service" of an "other paper" that triggers removal supplants the removal statute's declaration that the 30-day time period commences on "receipt . . . through service or otherwise" of the "other paper."

ABC points the court to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). There, the Court considered the claim of a plaintiff who had lost a motion to remand a case in which it had faxed the defendant a copy of the complaint 44 days before removal, but had not served the defendant with the complaint until 30 days before removal. *Id.* at 348. The plaintiff, much like Mr. Jaback, insisted that the receipt of the complaint by fax triggered the 30-day removal period, and that removal was therefore untimely. The Court held otherwise. *Id.* at 347-48 ("[W]e hold that a named

---

[1] The court's disposition today makes it unnecessary to decide whether Mr. Jaback's complaint sufficed to inform ABC that the amount in controversy exceeded $75,000.

ORDER – 3

defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by formal service."). Even without considering the *Murphy Bros.* Court's reasoning, the need for its holding is apparent. But for the Court's holding, a plaintiff could make removal impossible by the simple expedient of informally delivering the complaint to the defendant, waiting 31 days, then filing the complaint and formally serving it. It seems unlikely that this is what Congress had in mind when it granted defendants the right to remove certain cases from the state courts. The *Murphy Bros.* Court observed that absent formal service of a complaint, "a court ordinarily may not exercise power" over a defendant, and that a defendant becomes a party obligated to adhere to court rules "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350. The Court then reviewed the legislative history of § 1446(b), explaining how Congress had amended it so that regardless of what procedure a state used for service of a complaint, the time for removal did not begin until "the defendant obtained access to the complaint." *Id.* at 351.

*Murphy Bros.* provides no lifeline for ABC. Nothing in *Murphy Bros.* suggests that the Court had any concern about state procedures for service of documents other than complaints or other initial pleadings that permit a court to assert authority over a defendant. In this case, there is no question that ABC was a defendant and subject to the state court's authority before it received Mr. Jaback's statement of damages. Neither the holding in *Murphy Bros.* nor the reasoning underlying it supports the notion that *service* of an "other paper," filed after formal service of the complaint is the sole trigger for the removal period, as opposed to *receipt* of that paper. The only other authority on which ABC relies is no better. In *Student A v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989), the court (ten years before *Murphy Bros.*) focused on whether formal service of a *complaint* was necessary to trigger the removal period, noting that the "prevailing view"

ORDER – 4

at the time was that "service is required for the time to begin to run." That court, like the Court in *Murphy Bros.*, had no occasion to consider the necessity of "service" for "other papers" filed after service of the complaint.

So far as the court is aware, no Ninth Circuit authority squarely decides whether receipt of an "other paper" after service of the complaint suffices, regardless of state-law service rules, to begin the removal period. In *Carvalho v. Equifax Info. Servs.*, a panel rejected the contention that service of a settlement demand "several months before [plaintiff] even filed her complaint" sufficed to open the 30-day removal window. 629 F.3d 876, 885 (9th Cir. 2010) ("It is axiomatic that a case cannot be removed before its inception."). *Carvalho*, like *Murphy Bros.*, was concerned with service of the complaint, not an "other paper" filed after service of the complaint.

The court holds that the 30-day removal window in this case opened when ABC received Mr. Jaback's statement of damages, regardless of Washington rules regarding service of that statement. ABC filed its notice of removal 31 days later. The court must remand.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion to remand. Dkt. # 8. The clerk shall REMAND this action to King County Superior Court.

Dated this 29th day of August, 2013.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5